UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ST. LOUIS – KANSAS CITY CARPENTERS REGIONAL COUNCIL and ALBERT BOND, DONALD BRUSSEL, JR., DAN NEISWANDER, TODD HAKE, ROCKY KLOTH, SCOTT BYRNE, KEITH TAYLOR, CRAIG MCPARTLIN, TOD O'DONAGHUE, ROBERT CALHOUN, KEVIN DEPTULA, JIM SAUER, TIM SCHOOLFIELD, AND GREG HESSER in their representative capacities as Trustees of the CARPENTERS' PENSION TRUST FUND OF ST. LOUIS, and ALBERT BOND, DONALD BRUSSEL, JR., DAN NEISWANDER, TODD HAKE, ROCKY KLOTH, SCOTT BYRNE, KEITH TAYLOR, DENNIS JOYCE, CRAIG MCPARTLIN, TOD O'DONAGHUE, ROBERT CALHOUN, JAMES CARSON, KEVIN DEPTULA, JIM SAUER, TIM SCHOOLFIELD AND GREG HESSER in their representative capacities as Trustees of the CARPENTERS' HEALTH AND WELFARE TRUST FUND OF ST. LOUIS, and ALBERT BOND, DONALD BRUSSEL, JR., DAN NEISWANDER, TODD HAKE, ROCKY KLOTH, SCOTT BYRNE, KEITH TAYLOR, DENNIS JOYCE, CRAIG MCPARTLIN, TOD O'DONAGHUE, ROBERT CALHOUN, JAMES CARSON, KEVIN DEPTULA, JIM SAUER, TIM SCHOOLFIELD AND GREG HESSER in their representative capacities as Trustees of the CARPENTERS' VACATION TRUST FUND OF ST. LOUIS, and ALBERT BOND, TODD HAKE, ROCKY KLOTH, SCOTT BYRNE, KEITH TAYLOR, DENNIS JOYCE, DAN BARGER, JOHN GAAL, ROBERT BEHLMAN, KENT KIEFNER, JAMES CARSON, MARK BOEHMS, MIKE WEIS, KEVIN DEPTULA, MIKE HART AND TIM WIES in their representative capacities as Trustees of the CARPENTERS' JOINT TRAINING FUND OF ST. LOUIS, | Case No: |
| Plaintiffs, | |
| v. | |
| CECIL COMPTON CONSTRUCTION, LLC, a Missouri limited liability company, | |
| and | |

| | |
|---|---|
| COMPTON SONS SIDING, LLC, <br> a Missouri limited liability company, <br> <br> and <br> <br> CHRISTOPHER COMPTON, an individual d/b/a <br> CHRISTOPHER COMPTON SIDING, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

### Averments Common to All Counts

Plaintiffs state as follows for their cause of action against all defendants:

1. Jurisdiction of this cause of action and the parties to it is conferred upon this Court by subsections (a), (b), and (c) of Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185. Jurisdiction of this cause of action and the parties to it is also conferred by Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132(e)(1) and (f). Venue in this Court is appropriate by virtue of Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

2. Plaintiff St. Louis – Kansas City Carpenters Regional Council (the "Union") is an unincorporated association comprised of and representing persons engaged in carpentry, joining, and related activities. The Union is a "labor organization" within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185, and is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4). The Union is and was at all times material here the collective bargaining representative of all employees in its bargaining units employed by defendants.

3. The Carpenters' Pension Trust Fund of St. Louis (the "Pension Trust"), the Carpenters' Health and Welfare Trust Fund of St. Louis (the "Welfare Trust"), and the Carpenters'

2

Vacation Trust of St. Louis (the "Vacation Trust") (collectively referred to as "the Funds"), are all employee benefit plans within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §1002(3) and §1132(d)(1), and are multi-employer plans within the meaning of Sections 3(37)(A) and 515 of ERISA, 29 U.S.C. §§1002(37)(A) and 1145.  Plaintiffs Albert Bond, Donald Brussel, Jr., Dan Neiswander, Todd Hake, Rocky Kloth, Scott Byrne, Keith Taylor, Craig McPartlin, Tod O'Donaghue, Robert Calhoun, Kevin Deptula, Jim Sauer, Tim Schoolfield and Greg Hesser constitute the joint board of trustees of the Pension Trust and are the plan sponsor of the Pension Trust within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. §1002(16)(B), and are fiduciaries of the Pension Trust within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to that fund.  Plaintiffs Albert Bond, Donald Brussel, Jr., Dan Neiswander, Todd Hake, Rocky Kloth, Scott Byrne, Keith Taylor, Dennis Joyce, Craig McPartlin, Tod O'Donoghue, Robert Calhoun, James Carson, Kevin Deptula, Jim Sauer, Tim Schoolfield and Greg Hesser constitute the joint board of trustees of the Welfare Trust and are the plan sponsor of the Welfare Trust within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C §1002(16)(B), and are fiduciaries of the Welfare Trust within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to that fund.  Plaintiffs Albert Bond, Donald Brussel, Jr., Dan Neiswander, Todd Hake, Rocky Kloth, Scott Byrne, Keith Taylor, Dennis Joyce, Craig McPartlin, Tod O'Donoghue, Robert Calhoun, James Carson, Kevin Deptula, Jim Sauer, Tim Schoolfield and Greg Hesser constitute the joint board of trustees of the Vacation Trust and are the plan sponsor of the Vacation Trust within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C §1002(16)(B), and are fiduciaries of the Vacation Trust within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to that fund.  Plaintiffs Albert Bond, Todd Hake, Rocky Kloth, Scott Byrne, Keith Taylor, Dennis Joyce, Dan Barger, John Gaal, Robert Behlman, Kent Kiefner, James Carson, Mark Boehms, Mike Weis, Kevin Deptula, Mike Hart and Tim Wies constitute the joint

board of trustees of the Carpenters' Joint Training Fund of St. Louis and are the plan sponsor of the Training Fund within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C §1002(16)(B), and are fiduciaries of the Training Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to that fund.

4. Defendant Cecil Compton Construction, LLC ("Cecil Compton Construction") is a Missouri limited liability company in good standing. Defendant conducts business within this judicial district and is an employer in an industry affecting commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the NLRA, 29 U.S.C. §§152(2), 152(6), and 152(7), and within the meaning of Sections 3(5), 3(11), 3(12), and 515 of ERISA, 29 U.S.C. §§1002(5), 1002(11), 1002(12), and 1145.

5. Defendant Compton Sons Siding, LLC ("CSS") is a Missouri limited liability company in good standing. Defendant conducts business within this judicial district and is an employer in an industry affecting commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the NLRA, 29 U.S.C. §§152(2), 152(6), and 152(7), and within the meaning of Sections 3(5), 3(11), 3(12), and 515 of ERISA, 29 U.S.C. §§1002(5), 1002(11), 1002(12), and 1145.

6. Defendant Christopher Compton is an individual residing is within this judicial district and doing business within this judicial district as Christopher Compton Siding.

7. Defendant Cecil Compton Construction was party to a collective bargaining agreement with the Carpenters through May 2018.

8. The Agreement to which defendant Cecil Compton Construction was party required the defendant to contribute to the Funds and other entities (including but not limited to the St. Louis Construction Training and Advancement Foundation and PRIDE) at rates determined pursuant to the Agreement, to forward to the Union amounts deducted from employees' paychecks as union dues, and to furnish to the Funds' offices a monthly statement

showing the total number of regular and overtime hours worked by each employee from which the full amount of contributions and dues owed to the Funds and the Union may be computed. The described payments are required by the Agreement to be made through a stamp purchase plan. Additionally, the Agreement required the defendant to pay interest, liquidated damages, audit and accounting costs under certain conditions, court costs, attorneys' fees, and all other costs of collection, in addition to the principal amounts owed to the Funds and the Union.

### COUNT I – Claim Against Cecil Compton Construction

Come now plaintiffs and state as follows in their claim against defendant Cecil Compton Construction:

9. In breach of the agreement and in violation of ERISA, Cecil Compton Construction has failed to make all of the required contributions.

10. An audit of records of Cecil Compton Construction for the period of January 2016 through November 2017 reflects that defendant Cecil Compton Construction owes contributions of $47,584.06, liquidated damages of $9,516.81, and interest of $4,163.60.

**WHEREFORE**, plaintiffs pray:

(a) That this Court enter judgment in favor of plaintiffs and against defendant Cecil Compton Construction in the amount of $61,264.47 consisting of $47,584.06 in fringe benefit contributions, $9,516.81 in liquidated damages, and $4,163.60 in interest, for the period of January 2016 through November 2017;

(b) For an award of plaintiffs' court costs and attorneys' fees.

### COUNT II – Claim Against Compton Sons as Party Bound to the CBA

Come now plaintiffs and state as follows in their claim against defendant Compton Sons:

11. Defendant Compton Sons, through statements and actions, including but not limited to remitting contributions to the plaintiff Funds, bound itself to the collective bargaining agreement

to which defendant Cecil Compton Construction was party.

12.     In breach of the agreement and in violation of ERISA, Compton Sons has failed to make all of the required contributions.

13.     An audit of records of Compton Sons for the period of December 2017 reflects that defendant Compton Sons owes contributions of $3,994.67, liquidated damages of $798.93, and interest of $349.53.

**WHEREFORE**, plaintiffs pray:

(a)     That this Court enter judgment in favor of plaintiffs and against defendant Compton Sons in the amount of $5,143.13 consisting of $3,994.67 in contributions, $798.93 in liquidated damages, and $349.53 in interest, for the period of December 2017;

(b)     For an award of plaintiffs' court costs and attorneys' fees.

**COUNT III – Claim Against Compton Sons as an Alter Ego of Cecil Compton Construction**

Come now plaintiffs and, in the alternative to Count II, state as follows in their claim against Compton Sons:

14.     Defendant Compton Sons was an alter ego of defendant Cecil Compton Construction, such that defendant Compton Sons was bound to the collective bargaining agreement to which Cecil Compton Construction was party.

15.     In breach of the agreement and in violation of ERISA, Compton Sons has failed to make all of the required contributions.

16.     An audit of records of Cecil Compton Construction for the period of January 2016 through November 2017 reflects that defendant Cecil Compton Construction owes contributions of $47,584.06, liquidated damages of $9,516.81, and interest of $4,163.60.

17.     An audit of records of Compton Sons for the period of December 2017 reflects that defendant Compton Sons owes contributions of $3,994.67, liquidated damages of $798.93, and

interest of $349.53.

18.     As an alter ego of defendant Cecil Compton Construction, defendant Compton Sons is liable for amounts owed by Cecil Compton Construction, as well as for amounts owed for hours worked in the name of Compton Sons.

**WHEREFORE**, plaintiffs pray:

(a)     That this Court enter judgment against Defendant Compton Sons in the amount of $66,407.60, consisting of $51,578.73 in contributions, $10,315.74, and $4,513.13 in interest.

(b)     For an award of plaintiffs' court costs and attorneys' fees.

**COUNT IV – Claim Against Christopher Compton as Party Bound to the CBA**

Come now plaintiffs and, state as follows in their claim against Christopher Compton:

19.     Defendant Christopher Compton, through statements and actions, including but not limited to remitting contributions to the plaintiff Funds, bound himself to the collective bargaining agreement to which defendant Cecil Compton Construction was party.

20.     In breach of the agreement and in violation of ERISA, Christopher Compton has failed to make all of the required contributions.

21.     An audit of records of Christopher Compton for the period of December 2017 reflects that defendant Christopher Compton owes contributions of $395,671.87, liquidated damages of $79,134.37, and interest of $34,621.79.

**WHEREFORE**, plaintiffs pray:

(a)     That this Court enter judgment in favor of plaintiffs and against defendant Christopher Compton in the amount of $509,428.03, consisting of $395,671.87 in contributions, $79,134.37 in liquidated damages, and $34,621.79 in interest.

(b)     For an award of plaintiffs' court costs and attorneys' fees.

### COUNT V – Claim Against Christopher Compton as Alter Ego of Cecil Compton Construction

Come now plaintiffs and, in the alternative to Count IV, state as follows in their claim against defendant Christopher Compton:

21. Defendant Christopher Compton was an alter ego of defendant Cecil Compton Construction, such that defendant Christopher Compton was bound to the collective bargaining agreement to which defendant Cecil Compton Construction was party.

22. An audit of records of Christopher Compton for the period of December 2017 reflects that defendant Christopher Compton owes contributions of $395,671.87, liquidated damages of $79,134.37, and interest of $34,621.79.

23. An audit of records of Cecil Compton Construction for the period of January 2016 through November 2017 reflects that defendant Cecil Compton Construction owes contributions of $47,584.06, liquidated damages of $9,516.81, and interest of $4,163.60.

24. As an alter ego of defendant Cecil Compton Construction, defendant Christopher Compton is liable for amounts owed by defendant Cecil Compton Construction, as well as amounts owed for hours worked in the name of Christopher Compton.

**WHEREFORE**, plaintiffs pray:

(a) That this Court enter judgment against Defendant Christopher Compton in the amount of $570,692.50 consisting of $443,255.93 in contributions, $88,651.18, and $38,785.39 in interest.

(b) For an award of plaintiffs' court costs and attorneys' fees.

### COUNT VI – Alternative Claim for Breach of CBA by Defendants Cecil Compton Construction and Compton Sons

Come now plaintiffs and, in the alternative to counts IV and V, state as follows in their

claim against defendants Cecil Compton Construction and Compton Sons:

25. Defendant Compton Sons, either as an alter ego of defendant Cecil Compton Construction or through its conduct and statements, was bound by the collective bargaining agreement to which defendant Cecil Compton Construction was party.

26. The collective bargaining agreement to which Cecil Compton Construction and Compton Sons were bound contained the following language:

> "Nothing contained in this agreement shall be construed to prevent the right of the Employer to subcontract all or any part of work awarded to it, if however, the Employer elects to subcontract out all or any part of its on-site work covered by this agreement, then in that event, the subcontractor or other person must be or become party to a Collective Bargaining Agreement with this Union or another Union affiliated with the International Brotherhood of Carpenters and Joiners of America."

27. In the alternative to Counts IV and V, defendant Christopher Compton was not party to a collective bargaining agreement with the Carpenters.

28. Defendants Cecil Compton Construction and Compton Sons breached the collective bargaining agreement to which they were bound by subcontracting covered work to defendant Christopher Compton.

29. As a remedy for this contractual breach, plaintiffs are entitled to recover, as a measure of damages, an amount which would have been paid to plaintiff funds absent the aforesaid contractual breach.

30. The amount of such damages totals $395,671.87.

**WHEREFORE**, plaintiffs pray:

(a) That this Court enter judgment in favor of plaintiffs, and against defendants Cecil Compton Construction and Compton Sons, in the amount of $395,671.87.

(b) For an award of plaintiffs' court costs and attorneys' fees.

Respectfully submitted,

HAMMOND AND SHINNERS, P.C.
13205 Manchester Rd., Suite 210
St. Louis, Missouri 63131
Phone: (314) 727-1015
Fax:   (314) 727-6804


/s/ Greg A. Campbell
GREG A. CAMPBELL, #35381MO
Attorney for Plaintiffs


**Certificate of Service**

The undersigned certifies that a copy of the foregoing has been electronically filed with the U.S. District Court on December 11, 2019, and copies have been served by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013; and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220.


/s/ Greg A. Campbell